UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVIES INNOVATIONS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:15-cv-00281 |
| SIG SAUER, INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

### SIG SAUER, INC.'S ANSWER TO DAVIES INNOVATIONS INC.'s ORIGINAL COMPLAINT

Defendant, SIG Sauer, Inc. ("SIG") hereby responds to Plaintiff Davies Innovations, Inc.'s Original Complaint ("Complaint") [Dkt. No. 1] and in support thereof states as follows:

### I. THE PARTIES

1. SIG ADMITS, on information and belief, that Plaintiff is a corporation organized under the laws of the State of Delaware, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint and therefore DENIES them.

2. SIG ADMITS the first sentence of Paragraph 2 of the Complaint. SIG ADMITS that it has designated National Corporate Research, Ltd. as a registered agent in Texas, but is without information and belief as to that entity's current address in Texas, and therefore DENIES that portion of Paragraph 2 of the Complaint.

### II. JURISDICTION AND VENUE

3. SIG ADMITS that the Complaint purports to allege an action for infringement of a United States patent, and ADMITS that as a matter of law a federal court has jurisdiction over

patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a), but otherwise DENIES the remaining allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is nonetheless required, SIG ADMITS only that it has transacted business in the State of Texas, and DENIES the remaining allegations contained in Paragraph 4 of the Complaint.

5. With respect to the allegations in Paragraph 5 of the Complaint, SIG ADMITS that it manufactures and/or assembles products which are placed in the stream of commerce, some of which, on information and belief, are ultimately used, offered for sale, sold, and/or purchased in the Southern District of Texas. SIG DENIES the remaining allegations in Paragraph 5 of the Complaint, including the allegations of infringement.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

### III. PATENT INFRINGEMENT

7. SIG ADMITS that on November 9, 2010, the United States Patent & Trademark Office (the "USPTO") issued a patent numbered United States Patent No. 7,827,722 B1 ("the '722 Patent"), but DENIES that the '722 Patent was "duly and legally" issued. SIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore DENIES them.

8. With respect to the allegations in Paragraph 8 of the Complaint, the '722 Patent speaks for itself, and must be interpreted and understood in the manner required by binding federal court precedents. To the extent Paragraph 8 requires a response, SIG DENIES Plaintiff's characterization of what the '722 Patent "generally discloses and claims."

9. SIG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore DENIES them.

10. SIG ADMITS that it manufactures and has manufactured, uses, markets, sells and offers for sale "the Sig516 and Sig716 model rifles, including at least model numbers R516G2-16B-P, R516G2-16B-P-FDE, R516G2-16B-P-ODG, R516G2-7B-PDW-SBR, R516G2-10B-CQB-SBR, R516G2-14B-CAR-SBR, R516G2-16B-FS-CF, R516G2-16B-TS-CF, R716-16B-P, R716-H18B-DMR, R716-16B-P-FDE, R716-16B-P-ODG, and R716-12B-CQB-SBR," but DENIES the remaining allegations of Paragraph 10 of the Complaint.

11. SIG ADMITS that in July, 2011, a representative of Mr. Davies contacted Defendant about the '722 Patent, but DENIES the remaining allegations of Paragraph 11 of the Complaint.

12. SIG DENIES Paragraph 12 of the Complaint.

13. SIG DENIES Paragraph 13 of the Complaint.

14. SIG DENIES Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint does not contain a factual allegation and is in violation of Fed. R. Civ. P. 8(a)(2) and 8(d), and therefore does not require a response. To the extent that a response is nonetheless required, SIG DENIES Paragraph 15 of the Complaint.

16. SIG DENIES Paragraph 16 of the Complaint.

## DEMAND FOR JURY TRIAL

17. Plaintiff's request for a jury trial does not include any factual allegations to which a response is required by SIG. SIG demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

18. Plaintiff's Prayer for Relief sets forth requests for relief to which no response is required. To the extent necessary, SIG denies that Plaintiff is entitled to any of the requested relief.

## GENERAL DENIAL

19. SIG further denies each allegation contained in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer to Plaintiff's Original Complaint.

## SIG'S AFFIRMATIVE DEFENSES

20. Subject to the responses above, and without assuming any burden other than that imposed by operation of law, SIG alleges and asserts the following additional defenses set forth below in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, SIG specifically reserves the right to amend its Answer to expand or assert further affirmative defenses, to the extent permitted by the Federal Rules of Civil Procedure, the patent laws of the United States, or as otherwise allowed at law or in equity as may now exist or may exist in the future (including, without limitation and by way of example only, inequitable conduct), as more information becomes available in the present action.

### First Affirmative Defense: Non-Infringement of the Patent-in-Suit

21. SIG does not make, use, sell, offer to sell, or cause others to use products and services that are covered by the '722 Patent. SIG has not infringed, and does not infringe, any valid, properly construed, and enforceable claim of the '722 Patent, under any theory (whether

individually or jointly), directly or indirectly (whether contributorily or by inducement), literally or under the doctrine of equivalents.

### Second Affirmative Defense: Invalidity of the Patent-in-Suit

22. The claims of the '722 Patent are invalid or unenforceable, or both, for failure to comply with one or more of the requirements of patentability specified in 35 U.S.C. § 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or with one more of the requirements of 35 U.S.C. §§ 116 and 132.

### Third Affirmative Defense: Unclean Hands / Patent Misuse

23. The doctrines of unclean hands and patent misuse bar all, or part, of Plaintiff's claims and/or bar Plaintiff from obtaining all, or part, of the relief it seeks with regard to the '722 Patent.

### Fourth Affirmative Defense: Laches/Acquiescence

24. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or acquiescence. Plaintiff's unreasonable delay in asserting its alleged rights has prejudiced SIG.

### Fifth Affirmative Defense: Statutory Limitation on Damages (35 U.S.C. § 286)

25. Plaintiff's claims for damages are limited pursuant to the statutory limitation on damages codified at 35 U.S.C. § 286. Plaintiff is precluded from seeking recovery for any of SIG's alleged infringing acts occurring more than six years before the filing of the Complaint.

### Sixth Affirmative Defense: Prosecution History Laches

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history laches.

### Seventh Affirmative Defense: Waiver

27. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense: Equitable Estoppel

28. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Ninth Affirmative Defense: Prosecution History Estoppel and/or Disclaimer

29. Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer. By virtue of the arguments, statements, representations, concessions and amendments made during prosecution of the '722 Patent and patents and/or patent applications referenced therein and/or any related patents and/or applications, or during any other proceedings before the USPTO or in any court, Plaintiff is precluded from construing any claim of any of the '722 Patent in a manner charging SIG with infringement.

### Tenth Affirmative Defense: Failure to Mark or Provide Notice

30. Plaintiff's claims for damages for any alleged infringement are barred and/or limited, in whole or in part, to the extent that Plaintiff, its predecessors-in-interest, and/or its/their licensees failed to give notice of products that practice the '722 Patent by marking such products or otherwise notifying SIG of the alleged infringement as required by 35 U.S.C. § 287. SIG is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-In-Suit.

### Eleventh Affirmative Defense: Patent Exhaustion

31. Plaintiff's claims are barred, in whole or in part, under the doctrines of patent exhaustion, collateral estoppel, and/or first sale.

### Twelfth Affirmative Defense: Statutory Limitation on Damages (35 U.S.C. § 288)

32. Any alleged costs associated with this action are barred by 35 U.S.C. § 288.

6

### Thirteenth Affirmative Defense: No Willfulness

33. To the extent the Complaint contains assertions of any alleged entitlement to enhanced or increased damages for willful infringement, Plaintiff is not entitled to such relief because SIG has not engaged in any conduct that meets the applicable standard for willful infringement.

### Fourteenth Affirmative Defense: Failure To State A Claim

34. The Complaint fails to state any claim against SIG upon which relief may be granted.

### Other Defenses Reserved

35. SIG has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available and reserves the right to assert additional defenses, at law or in equity, which may be developed through discovery in this action.

### PRAYER

WHEREFORE, Defendant SIG Sauer, Inc., denies that Plaintiff Davies Innovations Inc. is entitled to any of the relief demanded in paragraphs (a) – (g) of Plaintiff's Prayer for Relief in the Complaint and SIG requests that this Court enter judgment:

(a) Finding, declaring, and adjudging in favor of SIG, and against Plaintiff, and dismissing with prejudice all claims of Plaintiff against SIG;

(b) Finding, declaring and adjudging that the '722 Patent is invalid, and that SIG has not infringed any valid claim of the '722 Patent;

(c) Finding, declaring and adjudging this to be an exceptional case under 35 U.S.C. §285, and awarding to SIG its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

(d) Granting such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> By: /s/ William R. Jones
> William R. Jones
> Texas Bar No. 24036861
> wjones@krcl.com
> 5051 Westheimer Road, 10th Floor
> Houston, Texas  77056
> Tel:    (713) 425-7450
> Fax:    (713) 425-7700
>
> ATTORNEY-IN-CHARGE FOR DEFENDANT
> SIG SAUER INC.

OF COUNSEL:

KANE RUSSELL COLEMAN & LOGAN PC
Bruce C. Morris
Texas Bar No. 14469850
bmorris@krcl.com
5051 Westheimer Road, 10th Floor
Houston, Texas  77056
Tel:    (713) 425-7450
Fax:    (713) 425-7700

And


BURNS & LEVINSON LLP
Laura L. Carroll*
lcarroll@burnslev.com
Zachary R. Gates*
zgates@burnslev.com
125 Summer Street
Boston, MA 02110
(617) 345-3000– Telephone
(617) 345-3299 – Facsimile

*Motion for Admission *Pro Hac Vice* Pending

## CERTIFICATE OF SERVICE

      I certify that on December 16, 2015, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Texas using the electronic case filing system in accordance with LR5.1 and Federal Rule of Civil Procedure 5(b). The foregoing was served on all known counsel of record electronically.

**By ECF**

Jonathan T. Suder
Decker A. Cammack
Glenn S. Orman
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102

                                                  /s/ *William R. Jones*
                                                  William R. Jones

#4035777